17-0608 and Andre Griffin v. Pepsi America Good morning, Justices, Counsel, Petitioner and see Andre Griffin, asserts that a severe depression he developed over a four month period from September 2007 until he was terminated in December 2007. Before we get into the merits of the case, you know what the issues are. There's a very significant threshold issue. Was your original application and your amended application, were they timely filed? The original application was timely filed. It was timely filed? It wasn't filed three months after the limitations period, Ralph? Are you representing that it was timely filed? It was. Wasn't it filed late? It was filed, correct. If you only use the September date, it was not timely filed. You have to, because he said he was threatened with a gun. That was a discrete specific incident. That's correct. So if that's the basis for your application and you're saying it is, then the time, it was three months late, correct? Yes, it is. So you're proceeding back on this relations back theory because you filed an amended complaint. That's correct. So how does filing an amended complaint also outside, I guess what I'm asking you, there's no properly filed predicate pleading for your amended application to relate back to that is within the time period prescribed by the code. I mean, they're both filed late. I mean, you filed the amended pleading even later than the original one, correct? That's why it wasn't amended. That's correct. So if neither one of them was timely filed, how can you proceed? Because the second one was filed basically to clarify that the facts show that there's a continuum basically from the first September event through the December event. And as far as we believe the case law supports that it could go back as far as the December event and the September event if there's a connection. What's the connection? That is basically there's a continuum, excuse me, a cumulative effect. So the connection is the effect? No, it's, it would be the events through that period that the depression continued. That's the effect. That's the effect. That's not the event. What happened, what happened, what was the original allegation? What happened to this man that started to cause this problem? A gun was pointed to his head. And when did that happen? That was September 2007. 2007. Were any more guns pointed at his head after then? Not that specific, but it was as far as there were acts that we believe aggravated the initial condition. What acts would those be? It was a, the same guy, Bonnie, swung at him. Another coworker ran his forklift victim, petitioner's forklift. There was sugar put into the gas, his gas tank. He notices he's driving home. And he had two different applications. His phone was taken one time and his phone was crushed. So all those events were during that time period from September to December. And as far as in December, his condition is so severe it was starting to miss work. Well, I understand. I'm trying to get at exactly what you're claiming is the accident. What do you claim was the accident in the original application for adjustment of claim? What does it say the accident was? The gun pointed at his head. And that happened in September of 2007. Yes. Is that right? Yes, sir. And when was that application for adjustment of claim filed? It was late. It was late. It was late. And what was the day of the hearing? July 4th, 2015. That's right. Time barred. Time barred, period. So now you file an amended adjustment of claim and you file that when? It was the day of the hearing. Which was June 4th, 2015? Right. Yes. And what does that allege the accident is or was? December 27th of the termination. You allege that it was repetitive trauma manifesting itself on December 27th, 2007? We believe that, yes, it was repetitive. But that was December 27th, 2007. It wasn't filed until June 4th, 2015. Time barred. However, one case law that we thought was significant is that the evidence that was the psychiatrist, Dr. McLeod, we think that evidence wasn't presented until the day of the hearing. Are you referring to that McLean trucking case? Yes, sir. The problem there was that didn't concern the timeliness of the cause of action or the filing. That was a case where the issue was a motion to allow an amendment to conform the pleadings to the proofs. It wasn't an issue of a statute of limitations. You're citing it for a different proposition. Well, we're citing it as far as the evidence of the doctor didn't come. That evidence wasn't part of the record until the hearing. Right. So what? Did this man work for the respondent after December of 2010? He didn't work. The last day of work was the end of December of 2007. 2007. So that there's nothing, nothing post-December of 2007 could be accident. The effects were there. The effects may have continued past that date, but that's the case with every injury. If your theory is correct, there would be no statute of limitations applicable to any claimant so long as they still suffered the effect of the accident. That's not the law. As far as the evidence was necessary to show the connection, the cumulative effect, and that evidence wasn't available? We understand you're arguing cumulative effect, but the problem is that's a fact. That's not accident. I mean, you've got two things. You've got trauma, you've got accident, and it has to be causally related to some condition. Now, the statute of limitation runs from date of accident, not from date of injury. In other words, if the injury is continuing and it's a continuing injury and it continues on, that has no effect on the statute of limitation. Statute of limitation runs from date of injury, date of accident. And in this particular case, there couldn't possibly have been a date of accident. Our theory would be, based on the case law, that the evidence that was new post-2007 was Dr. Melillo's testimony as a psychiatrist. And we didn't have that evidence, certainly not in 2007, to know. So it was revealed later. I think we understand your theory. That you understand your theory. Okay. I think what's also significant, the arbitrator that we relied upon in one case, the White case, which is a 1964 case, over 50 years old, and that involved the type of injury there was a back injury, which in the later date was a separate back injury in a different town. There was no indication between the two events that there was any continuing aggravation, continuing threats, continuing vicious pranks. So you're saying that that case is distinguishable from what the arbitrator cited it for. Is that basically what you're saying? Yes. It doesn't apply. Okay. And I think as far as the, from our perspective, and the law that's more applicable would be Freeman comparing it to a powerful tunnel situation where the injury may be first manifested, but it's continuing, the aggravation continues, and in our case continued through December 2007. And based on the case law that we believe is certainly more recent and more similar to our facts when you're talking about severe depression, a mental injury is very different than the one case cited by the arbitrator, which is only dealing with a back injury. And based on those facts, we believe the decision should be reversed. Very good. Thank you, Counsel. We have time for one more reply. Counsel, you may respond. Is this a complex injury? Is this? Is this a complex? Well, first of all, I'll give you a name for it. Thank you, Your Honor. Benji on behalf of Respondent, defendant in this case, Pepsi. So may it please the court, I believe we started with a question. Yes. Is this the issue, simple issue? Is it a complex issue? It is not a complex issue. We feel that it is very straightforward. It seems as if Your Honors have a pretty good grasp of the facts, and so I don't want to go through those. Do you want to stand on your brief? I'll stand on my brief, and I'll say one thing about the McLean case and also the Freeman case. The critical distinction between those two cases in our situation is that both involved an original application that was timely filed. Here, no application at any point was timely filed. Very good, Your Honor. Thank you, Counsel. Counsel, you may reply. There is, as far as the legal theory where it can, a second date can be, go back to the first date, and that second date didn't become, the evidence of that was not clear until the evidence of Dr. Malayo, which was we feel the case law supports a reversal. Thank you. Thank you, Counsel. Thank you, Counsel, both for your arguments in this matter. It will be taken under advisement for indisposition of felonies.